UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. ADKINS,

    Petitioner,                                       CIVIL CASE NO. 4:06-CV-11562

v.                                                    HONORABLE PAUL V. GADOLA
                                                         UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

    Respondent,
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Michael A. Adkins, ("Petitioner"), presently confined at the Muskegon Correctional Facility in Muskegon, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; first-degree home invasion, M.CL.A. 750.110a(2); felon in possession of a firearm, M.C.L.A. 750.224f; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I.    Background**

Petitioner was originally charged with first-degree murder, felony murder, home invasion, felon in possession of a firearm, and felony-firearm. On the first day of trial, Petitioner pleaded guilty to the lesser offense of second-degree murder, and guilty as charged to first-degree home invasion, felon in possession of a firearm, and felony-firearm. In exchange for his plea, the prosecutor agreed to dismiss the first-degree murder and felony murder charges against Petitioner. The prosecutor further agreed that Petitioner was to be sentenced within the minimum sentencing range under the Michigan Sentencing Guidelines of 18 years, 9 months, to 46 years in prison.

1

Prior to accepting Petitioner's plea, the trial court indicated that they were ready for trial and [if Petitioner did not plead guilty], "we'll bring the jurors down before noon according to that clock, it's 20 minutes before 12 right now. We'll bring the jurors down before noon, so you have to make your decision now." Plea T., pp. 6-7. The trial court advised Petitioner of the rights that he would be relinquishing by pleading guilty. *Id.* at pp. 8-10. In response to the trial court's question, Petitioner indicated that there had been no threats or promises made to induce his guilty plea. *Id.* at pp. 10-11.

On the date of sentencing, Petitioner moved to withdraw his guilty plea. Petitioner's counsel indicated that Petitioner had told him for the first time prior to sentencing that he had decided to plead guilty after being informed by his family members that they had seen members of the victim's family speaking with persons whom they believed were prospective jurors in Petitioner's case. Counsel indicated to the court that this was impossible, because Petitioner's jury had not been on the same floor as the courtroom at the time that Petitioner pleaded guilty. Counsel further explained that the trial court judge had a different jury for another case outside the courtroom at the time that Petitioner entered his plea. Counsel guessed that the victim's family may have mingled with this jury. Counsel, however, emphasized that Petitioner did not know that this was another jury whom the victim's family may have been interacting with and asked that Petitioner's plea be withdrawn. Counsel told the court that Petitioner had difficulty deciding whether to accept the guilty plea and counsel had advised Petitioner at least ten times that he should go to trial. Sent. T., pp. 3-5. The trial court denied the motion to withdraw, stating that Petitioner never brought the matter to the court's attention or to counsel's attention at the time of the plea. *Id.* at p. 6.

Petitioner filed a subsequent motion to withdraw his guilty plea through appellate counsel.

A hearing was conducted on the motion on February 13, 2004. Appellate counsel said that he had affidavits from Petitioner and Petitioner's mother which indicated that Petitioner pleaded guilty based upon his family's assumption that they had observed the victim's family speaking with jurors outside of the courtroom. They allegedly told Petitioner's trial counsel about this contact between the victim's family and jurors, but he ignored them. Motion to Withdraw Plea T., p. 3. Appellate counsel explained to the trial court judge that Petitioner pleaded guilty because he thought "if the victims are talking to the jurors, then you've subverted the jurors." Counsel told the court that Petitioner didn't tell the judge about this alleged juror tampering on the day of trial because he thought that it was "hopeless." Because Petitioner's attorney ignored them, Petitioner and his family felt that they could not obtain proper jurors for his trial, and therefore, Petitioner went ahead and accepted the guilty plea. *Id.* at pp. 6-7.

The prosecutor indicated that he had taken the victim's mother and other family members into a witness room between two courtrooms on the morning of the plea to discuss the plea offer with them. The prosecutor stated that he left the victim's family members inside of the witness room until it was time for Petitioner to enter his guilty plea, and he did not think that there had been any opportunity for them to be in the hallway speaking with jurors. The prosecutor further noted that had such improper communications taken place, Petitioner could have brought it to the court's attention and the court could have remedied the problem either by calling for a new jury panel or asking the potential jurors whether such a conversation had taken place. *Id.* at pp. 8-9.

In rejecting the motion to withdraw the guilty plea, the trial court noted that the plea transcript at pages 6 and 7 indicated that the jurors had not even been called down yet, as they were still in the jury waiting room. The trial court further noted that Petitioner had indicated at the time

of the plea that no threats or promises had been made to induce his plea of guilty. *Id.* at pp. 11-12.

Petitioner's conviction was affirmed on appeal. *People v. Adkins,* No. 254193 (Mich. Ct. App. May 26, 2004); *lv. den.* 471 Mich. 950; 690 N.W. 2d 104 (2004). Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> Petitioner was denied due process of law and the trial court abused its authority when defendant's request to withdraw his plea was denied, and counsel was ineffective for investigating the allegations.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

### III. Discussion

#### A. Petitioner's claim

Petitioner claims that his guilty plea was involuntary, because it was based on his family erroneously informing him on the day of trial that they had observed the victim's family talking with prospective jurors in his case.

Initially, the Court observes that Petitioner has no absolute right to withdraw his guilty plea. *See Hoffman v. Jones,* 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001) (internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.* A federal court will uphold a state court guilty plea if the circumstances demonstrate that the

defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *Hoffman,* 159 F. Supp. 2d at 655-56. Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his guilty plea, as evidenced by the plea colloquy, is valid. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005). It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e., bribes). *Id.*

In the present case, the trial court and the prosecutor placed the terms of the plea agreement on the record and Petitioner acknowledged several times that this was the entire agreement. Petitioner denied that any other promises or threats had been made to induce his plea of guilty. The transcript and the colloquy clearly establish that Petitioner's plea of guilty was entered into knowingly and voluntarily.

To the extent that Petitioner alleges that he was coerced into pleading guilty because he believed that the victim's family had engaged in improper communications with the jurors in this case, this claim is defeated by the fact that Ppetitioner stated on the record at his plea hearing that no threats had been made to get him to plead guilty and that he was pleading freely and voluntarily. Petitioner's bare claim that he was coerced into pleading guilty based upon his erroneous assumption that there had been improper communications with the jurors that had been impaneled

for his case is insufficient to overcome the presumption of verity which attaches to Petitioner's statements during the plea colloquy, in which he denied that any threats had been used to get him to enter his plea. *See Shanks*, 387 F. Supp. 2d at 750-51.

Moreover, Petitioner's subjective belief that he could not receive a fair trial because he mistakenly believed that the victim's family had spoken with prospective jurors would be insufficient to invalidate his guilty plea in the absence of any coercion. *See Grantling v. Balkcom*, 632 F. 2d 1261, 1264 (5th Cir. 1980) (defendant's subjective belief that he could not get fair trial, arising from his having been seen by jury at his arraignment dressed in prison garb and wearing handcuffs, was insufficient to invalidate guilty plea, in the absence of actual coercion); *see also United States v. Walker*, 447 F. 3d 999, 1004-05 (7th Cir. 1999) (court did not abuse its discretion in refusing to allow defendant to withdraw his guilty plea, based upon defendant's assertion that he felt pressure to plead guilty as a result of the court's denial of his motion to transfer case from venue where defendant believed "jury would be stacked against him," where defendant freely admitted his guilt on the record); *Osborn v. Shillinger*, 997 F. 2d 1324, 1327 (10th Cir. 1993) (alleged errors in excluding defendant from jury voir dire, seating allegedly biased juror, and allowing prosecution witness in the courtroom when not testifying did not make subsequent guilty plea involuntary); *Ravnell v. Coiner*, 320 F. Supp. 1117, 1121-22 (N.D. W. Va. 1970) (evidence that other than petitioner and his family, there was only one other non-Caucasian in courtroom at time petitioner entered guilty plea, was insufficient to establish claim that guilty plea was involuntarily entered because racial makeup of court officers, jury, and spectators in courtroom created fear in petitioner's mind that he could not receive fair trial). Therefore, Petitioner has failed to show that his guilty plea was involuntarily made.

Petitioner further claims that counsel was ineffective for failing to investigate his family's claim that they had seen the victim's family speaking with jurors.

To prevail on his ineffective assistance of counsel claim, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones*, 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

The Court rejects Petitioner's ineffective assistance of counsel claim for several reasons. First, any claim of ineffective assistance of counsel as a basis for withdrawing Petitioner's guilty plea was refuted by Petitioner's failure to assert any objections to defense counsel's performance at the change-of-plea hearing, despite Petitioner's knowledge at that time of matters that Petitioner believed counsel had overlooked or improperly discounted. *See United States v. Allen*, 981 F. Supp. 564, 575 (N.D. Iowa 1997).

Secondly, there is no credible evidence on the record that the victim's family had any improper communications with any jurors that were going to be impaneled for Petitioner's case. In her affidavit, Petitioner's mother indicates that she observed the victim's family speaking with persons who were wearing juror tags.[1] However, there is nothing in the affidavit which conclusively establishes that these jurors were impaneled for Petitioner's case. Petitioner's counsel indicated at sentencing that Petitioner's jury was not on the floor of the courtroom at the time that

---

[1] *See* Affidavit of Cathy Adkins, dated November 23, 2003, attached to Petitioner's Application for Leave to Appeal [part of this Court's Dkt. # 21].

8

Petitioner entered his plea of guilty, noting that the trial court judge had another jury in his courtroom at the time. The prosecutor indicated at the hearing on Petitioner's second motion to withdraw his plea that it was unlikely that the victim's family was in the hallway at the time prior to the plea, because he had left the family inside of a witness room until Petitioner entered his guilty plea. Lastly, in rejecting Petitioner's motion, the trial court noted that the guilty plea transcript indicated that Petitioner's jury panel was still upstairs in the jury waiting room and had not yet been brought downstairs to the courtroom when Petitioner entered his plea. Trial counsel's failure to demand an evidentiary hearing on whether the jurors had been exposed to improper contact did not prejudice Petitioner, because there has been no competent evidence presented in this case of any improper contact by the victim's family with his jury. *See Ida v. United States*, 207 F. Supp. 2d 171, 186 (S.D.N.Y. 2002). Because Petitioner's claim of juror misconduct is speculative and unsupported, Petitioner is unable to establish that counsel was ineffective for failing to investigate his claim that the victim's family had any improper communication with any prospective jurors in his case. *See Broils v. Simmons*, 130 Fed. Appx. 215, 217 (10th Cir. 2005).

Finally, to the extent that Petitioner claims that counsel failed to object to the voluntariness of his plea because it was based on Petitioner's erroneous assumption regarding possible communications between the victim's family and potential jurors, this claim is defeated by the fact that counsel did, in fact, move to withdraw the plea at sentencing after he was informed by Petitioner that he had pleaded guilty based upon his erroneous assumption that there had been jury tampering in his case. *See, e.g.*, *State v. Mattly*, 513 N.W.2d 739, 741-42 (Iowa Sup. Ct. 1994) (defense counsel's failure to object when trial court denied defendant's motion to withdraw guilty plea did not constitute ineffective assistance; counsel filed motion to withdraw plea when he first

9

heard of defendant's compulsion defense and argued defense at sentencing hearing).

### B. A Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a petitioner may appeal a decision of this Court, the Court must determine if the petitioner is entitled to a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can

discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability. *See Long v. Stovall*, 450 F. Supp. 2d 746, 755 (E.D. Mich. 2006). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

**IV.     Conclusion**

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner will be denied leave to appeal *in forma pauperis.*

**SO ORDERED.**


Dated:   December 20, 2006                                s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   December 20, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                         Laura A. Cook                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Michael Adkins                .

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845